**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:06 CR 403** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **LOUIS C. JEMISON III,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Louis C. Jemison III's Second *pro se* Motion toVacate/Void Judgment pursuant to Fed. R. Civ. P. 60(b)(4). (Docket #86.)

Previously, Mr. Jemison was indicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and, being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). On February 13, 2007, a jury returned verdicts of guilty on all counts.

On April 24, 2007, Mr. Jemison was sentenced to 240 months imprisonment on Counts I and II, and 120 months on Count III, to run concurrently, followed by eight years of supervised release. He was also ordered to pay a $300 special assessment. On May 4, 2007, Jemison filed his notice of appeal and his appeal is currently pending in the Sixth Circuit Court of Appeals.

On August 26, 2008, Mr. Jemison filed his Motion to Vacate/Void Judgment, *pro se*, under Fed R. Civ. P. 60(b)(4). Mr. Jemison asserted that the Court lacked personal jurisdiction

over him. On August 29, 2008, the United States filed its Response to Mr. Jemison's Motion. First, the United States asserted that because Mr. Jemison's appeal is currently pending in the Sixth Circuit, this Court has no jurisdiction to proceed in this matter. Second, the United States stated that Fed. R. Civ. P. 60(b)(4) does not apply in criminal proceedings and is therefore inapplicable. Mr. Jemison withdrew his first motion to vacate on the same date that the Court issued its Order denying the Motion to Vacate on the grounds that the pendency of Mr. Jemison's appeal divests this Court of jurisdiction over this action and because Fed. R. Civ. P. 60(b)(4) applies in civil proceedings, not in criminal proceedings such as the one at bar.

Mr. Jemison's Second Motion to Vacate which is currently before the Court, is based upon the same ground as his first, *i,e.*, that the Court lacked personal jurisdiction over Mr. Jemison, thus his conviction is void.  As a general rule, once a defendant has filed a notice of appeal, a district court loses jurisdiction over the action and jurisdiction transfers to the appellate court, except that the district court retains jurisdiction to proceed with matters that are in aid of the appeal.  See *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981).

The jurisdictional issue raised by Mr. Jemison in this Motion to Vacate has been raised by the Defendant and briefed by the parties and rejected by this Court.  Mr. Jemison has raised no substantive issue that has not been previously decided by the Court.  Accordingly, Mr. Jemison has failed to show that re-litigating his jurisdictional argument would aid in his pending appeal.   In any event, a defendant may not seek relief from a criminal judgment under Fed. R. Civ. P. 60 (b).  *United States v. Diaz*, 79 Fed. Appx. 151, 2003 WL 22434557, *2 (6th Cir. 2003)(unpublished).

**Conclusion**

The pendency of Mr. Jemison's appeal divests this Court of jurisdiction over this action.

Accordingly, Petitioner's Motion to Vacate/Void Judgment Under Fed. R. Civ. P. 60(b)(4) (Document #86) is hereby DENIED.

    IT IS SO ORDERED.

                                                                          */s/ Donald C. Nugent*
                                                                          DONALD C. NUGENT
                                                                          United States District Judge

DATED:   October 21, 2008