**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    1:06 CR 403 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| LOUIS JEMISON III, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Louis Jemison, III's *Motion for Modification of [Sentence] Pursuant to 18 U.S.C. § 3582*.  (ECF #105.)   The government filed an opposition to Mr. Burgess' motion.  (ECF #106).   For the reasons set forth below, the Defendant's Motion is hereby, DENIED.

In April of 2007, Mr. Jemison was sentenced to a term of 240 months on Counts 1 and 2, and to 120 months on Count 3, to run concurrently.  Based on the changes in sentencing guidelines under 18 U.S.C. § 3582(c)(2), which were specifically made retroactive by the United States Sentencing Commission through 28 U.S.C. §994(u), Mr. Jemison's sentence was subsequently reduced to 184 months on Counts One and Two, with Count Three remaining as 120 months to be served concurrently.

Mr. Jemison now seeks an additional reduction based on changes to the Controlled Substances Act and the Controlled Substances Import and Export Act, imposed by the Fair Sentencing Act of 2010, which was enacted on August 3, 2010, after Mr. Jemison's sentencing.  However,  1 U.S.C. § 109, requires that courts should apply the penalties that were in place at

the time the crime was committed, unless a new enactment affecting the penalty expressly provides for its own retroactive application.  *See Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 660 (1974).  The Sixth Circuit has held that the Fair Sentencing Act of 2010 contains no express statement of retroactivity, and that no express intent of retroactivity can be inferred from the plain language of the Act.  *See United States v. Carradine*, No. 08-3220 (6th Cir. 2010).    Therefore, as Mr. Jemison's sentence was imposed prior to the enactment of the Fair Sentencing Act of 2010, he is not eligible to receive the benefit of any sentencing changes adopted through the Act.   If the Sentencing Commission later determines that the Fair Sentencing Act should be applied retroactively, Mr. Jemison may re-submit his motion for modification; however, at this time, his Motion must be DENIED.  (ECF #105).   IT IS SO ORDERED.

      /s/ Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED:   May 13, 2011