UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 06-CR-403 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOUIS JEMISON | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

## STATEMENT OF FACTS AND PROCEEDINGS

This matter comes before the Court upon Motion of Defendant, Louis Jemison, for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). ECF #211. On May 3, 2007, Defendant was convicted of possession with intent to distribute 500 grams or more of cocaine ("powder cocaine") (Count One) and possession with intent to distribute 5 to 50 grams of cocaine base ("crack cocaine") (Count Two), both in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 851. ECF #65. Specifically, Defendant's drug offenses involved 688.8 grams of powder cocaine and 36.6 grams of crack cocaine. PSR, p. 6 ¶ 21. Additionally, Defendant was convicted of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Three). ECF #65.

The United States Sentencing Guidelines Application Notes 6 and 10(B) provide for the use of the Drug Equivalency Table as a means for obtaining a single base offense level when two different controlled substances are involved. U.S. Sentencing Guidelines Manual § 2D1.1 cmts. n.6 and 10(B) (2011). At Defendant's original sentencing, this Court used the Drug Equivalency

1

Table, converting Defendant's crack and powder cocaine quantities to their marijuana equivalents and adding them together, resulting in a combined base offense level 30. PSR, p. 6 ¶¶ 22-30.[1] Following a two level enhancement under U.S.S.G. § 2D1.1(b)(1), for possession of a dangerous weapon, Defendant's resulting base offense level was 32. *Id.* Defendant's guideline range was then 210-262 months because he was a Criminal History Category VI. PSR, p. 13 ¶ 48.[2] Accordingly, this Court imposed a sentence of 240 months for Counts One and Two and 120 months for Count Three to run concurrent. ECF #65.[3]

On November 9, 2009, this Court granted Defendant's Motion to Reduce Sentence, which was pursuant to the 2008 crack cocaine amendments (Guidelines Amendments 706 and 711). ECF #95. Pursuant to these Amendments, Defendant's base offense level was reduced by two levels, to a level 30, resulting in a new guideline range of 165-210 months. Accordingly, this Court reduced Defendant's sentence for Counts One and Two to 184 months. *Id.*

Defendant now seeks an additional sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, pursuant to changes set forth in Guidelines Amendment 750. ECF #112. Amendment 750, *inter alia,* reduced the Sentencing Guidelines' base offense levels for most

---

[1] The 688.8 grams of powder cocaine was converted to 137.67 kilograms of marijuana and the 36.6 grams of crack cocaine was converted to 732 kilograms of marijuana, resulting in a combined marijuana quantity of 869.67 kilograms. § 2D1.1 cmt. 10(B). This marijuana quantity corresponds to a base offense level 30 on the Sentencing Guidelines' Drug Quantity Table. § 2D1.1(c).

[2] "The Defendant's prior adult convictions included two charges for drug abuse, possession of criminal tools, two charges for possession of drugs, trafficking in cocaine, aiding and abetting and uttering and possessing forged and counterfeit securities, receiving stolen property, two counts of theft, forgery, and taking identity." PSR, pp. 8-13 ¶¶ 35-45.

[3] The Defendant was subject to a mandatory minimum term of 120 months imprisonment as to counts One and Two. U.S.C. § 841(b) (2012); ECF #113.

2

crack cocaine offenses. § 2D1.1. This Amendment, including the Drug Equivalency Table set forth in § 2D1.1, was made retroactive as of November 1, 2011. *Id.* As such, Defendant argues that his sentence should be reduced to reflect the amended base offense level and guideline range assigned to the quantity of crack cocaine for which he was convicted. ECF #112.

Defendant argues that this Court should apply the Drug Equivalency Table, as modified by Amendment 750, and determine that the marijuana equivalent of his 36.6 grams of crack cocaine would now be 130.7 kilograms. With this modification, following a two level enhancement for possession of a dangerous weapon, Defendant argues that his modified base offense level would now be 28, and thus, his applicable guideline range would now be 140-175 months. ECF #112. Because Defendant does not have a history of violence and is a non-violent offender in the instant case, as well as because of his efforts towards rehabilitation while incarcerated, Defendant requests this Court to impose a sentence at the bottom of his guideline range, 140 months, for Counts One and Two. *Id.*

The Government argues, however, that Defendant's Motion as to Count One should be denied because a reduction for that Count would constitute a full re-sentencing, which § 3582(c)(2) does not authorize. ECF #113. The Government so argues because Amendment 750 only reduces sentencing ranges for crack cocaine offenses, not powder cocaine offenses. *Id.* As such, the Government claims this Court lacks the requisite "authority expressly granted by statute," *United States v. Curry*, 606 F.3d. 323, 326 (6th Cir. 2010), to reduce Defendant's sentence for Count One. ECF #113. The Government also argues that even if this Court does find that it has the authority to reduce Defendant's sentence, it should nevertheless deny Defendant's Motion after considering public safety and 18 U.S.C. § 3553(a) factors because Defendant was in

3

possession of a firearm and large quantities of drugs. *Id.*

## DISCUSSION

Generally, courts may not modify a term of imprisonment once it has been imposed; however, pursuant to 18 U.S.C. § 3582(c)(2), courts may reduce a defendant's sentence if (1) "the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2012). Subject to certain exclusions and limitations listed in § 1B1.10, courts may then grant a reduction within the amended guideline range if they determine that one is warranted after considering public safety issues, the factors set forth in 18 U.S.C. § 3553(a), and the post-sentencing conduct of the defendant. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B) (2011). *See also,* § 3582(c)(2); *Dillon v. United States,* 130 U.S. 2683, 2688 (2010).

Accordingly, so long as a reduction in Count One would satisfy the two requirements of § 3582(c)(2), such a reduction would be a sentence modification, which this Court has the authority to grant, and not a full re-sentencing, as Government argues, which this Court does not have the authority to grant. *See,* § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3852(c)(2) and this policy statement do not constitute a full re-sentencing of the defendant"); *Dillon,* 130 U.S. at 2690 ("By its terms, § 3582(c)(2) does not authorize a sentencing or re-sentencing proceeding. Instead, it provides for the modification of a term of imprisonment by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission"). Therefore, so long as a reduction in Count One satisfies the two requirements set forth in § 3582(c)(2), this Court has the authority to grant Defendant's Motion.

4

I.   *A sentence reduction for Count One satisfies the first requirement of § 3582(c)(2) because Defendant's powder cocaine sentence was in fact "based on" the crack cocaine sentencing range that has subsequently been lowered by the Sentencing Commission via Amendment 750*

In order to grant a sentence reduction, § 3582(c)(2) first requires a defendant's original sentence to be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). As noted by the Supreme Court, a sentence is "based on" such a range when that range was expressly used to establish a defendant's original term of imprisonment. *United States v. Freeman*, 131 S. Ct. 2685, 2692-93 (2011) (Kennedy, J., plurality opinion). In order to determine whether a range was expressly used to establish a defendant's original term of imprisonment, the Sixth Circuit noted that courts must "look[] to what the district court actually said and did at the original sentencing." *United States v. Hameed*, 614 F3d. 259, 264 (6th Cir. 2010) (emphasis omitted).

At Defendant's original sentencing, this Court used the previously mentioned Drug Equivalency Table to determine a combined base offense level and sentencing range for Counts One and Two. Because Defendant's sentence for both Counts was calculated by combining the amounts of powder and crack cocaine for which Defendant was convicted and because the guideline range for crack cocaine offenses was subsequently lowered by the Commission via Amendment 750, Defendant's total original sentence for both Counts One and Two was in fact "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). A sentence reduction for Count One, therefore, satisfies the first requirement of § 3582(c)(2).

5

## II. *A sentence reduction for Count One satisfies the second requirement of § 3582(c)(2) because it is consistent with the policy statement set forth in § 1B1.10.*

In order for courts to grant a sentence reduction, § 3582(c)(2) next requires such a reduction to be "consistent with the applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The applicable policy statement in the present case is found in § 1B1.10(b)(1). Section 1B1.10(b)(1) requires courts to "determine the amended guideline range that would have been applicable to the defendant if the amendment to the guidelines . . . had been in effect at the time the defendant was sentenced." *Id.* In so doing, courts must "substitute only the amendment . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and . . . *leave all other guideline application decisions unaffected.*" *Id.* (emphasis added).

While the Government argues that this Court should not reduce Defendant's sentence for Count One, so doing would not be consistent with § 1B1.10(b)(1)'s requirement of "leaving all other guideline application decisions unaffected." § 1B1.10(b)(1). This is true because this Court used the Drug Equivalency Table at Defendant's original sentencing, and as such, used Count One in determining a combined base offense level and guideline range for both Counts One and Two. If this Court does not again use this combined Drug Equivalency Table approach in determining Defendant's new base offense level and sentencing range, it would not be "leaving all other guideline application decisions unaffected." *Id.* Accordingly, so long as this Court uses the combined Drug Equivalency Table approach to determine Defendant's modified base offense level and guideline range, a sentence reduction for Count One is consistent with the applicable policy statement, § 1B1.10(b)(1).

6

A sentence reduction for Count One is also not subject to any exclusions within § 1B1.10 because such a reduction would have the effect of lowering Defendant's applicable guideline range and because Amendment 750 is covered by § 1B1.10(3)(c). § 1B1.10(a)(2)(A)-(B). Furthermore, as long as this Court does not award Defendant a sentence that is less than the minimum of his amended guideline range, a reduction is also not subject to any limitations. *Id.* at (b)(2)(A). Therefore, a sentence reduction for Count One satisfies the second requirement of § 3582(c)(2), because it is "consistent with the applicable policy statements issued by the Sentencing Commission," § 3582(c)(2), so this Court does have the authority to reduce Defendant's sentence as to Count One.

### III. *This Court's adherence to the Sentencing Guidelines policy statements is mandatory.*

The Supreme Court, in *Dillon v. United States,* was faced with a similar motion for sentence reduction, which was pursuant to Amendment 706. 130 U.S. at 2685. In denying the petitioner's motion for a variance below the Sentencing Guidelines, the Supreme Court ruled that courts' adherence to the Sentencing Guidelines policy statements in § 3582(c)(2) proceedings is mandatory. *Id.* at 2693. *See also, Hameed,* 614 F3d. at 267 ("The Commission's policy statements *are* mandatory, however, in the sentence-modification context, not by dint of the guidelines themselves but based on the plain text of . . . § 3582(c)(2)").

Thus, this Court is required to adhere to the policy statement set forth in § 1B1.10(b)(1) and must use the Drug Equivalency Table, substituting only the amended crack cocaine offense levels to determine Defendant's new, combined base offense level and sentencing range for both Counts One and Two. In awarding a sentence reduction for Count One, this Court must,

therefore, find that Defendant is now subject to a base offense level 26, which, after a two level enhancement for possession of a dangerous weapon, becomes a level 28 with a guideline range of 140 to 175 months.

    IV.    *A sentence reduction for Count One is consistent with considerations of public safety, § 3553(a) factors, and Defendant's post-sentencing conduct.*

While this Court does have the authority to reduce Defendant's sentence, its decision to do so is discretionary. § 3582(c)(2). Before a reduction may be granted, courts may take into consideration post-sentencing conduct of the defendant and must take into consideration § 3553(a) and public safety factors. § 1B1.10, cmt. n.1(B). In analyzing public safety factors,

> The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

*Id.* at cmt. n.1(B)(ii).

The Government argues that because Defendant was in possession of a firearm and large quantities of drugs, he poses a serious enough danger to the public that this Court should use its discretion and deny Defendant's Motion. ECF #113. Defendant, however, has no history of violence, is a non-violent offender in the instant case, and has even started his own peaceful religious society (Nation). ECF #114. Also, Defendant has been moved from a medium level security institution to a low-level security institution and the Bureau of Prisons' Designation and Sentence Computation Center has no Public Safety Factor lodged against him. *Id.* These facts indicate that Defendant does not pose such a serious threat to public safety that this Court should not award him a reduction. Furthermore, since his sentencing, Defendant has taken Business Management (1) and (2), demonstrating that he has made efforts for rehabilitation while

incarcerated and thus, is no longer such a threat to the public. *Id.* Finally, considering that, even with a reduction, Defendant will nevertheless serve a total of *at least* eleven and a half years in prison, a reduced sentence for both Counts One and Two is "sufficient, but not greater than necessary" to meet the ends of justice outlined in § 3553(a). 18 U.S.C. § 3553(a) (2012).

## CONCLUSION

Pursuant to § 3582(c)(2) and § 1B1.10, this Court does have the authority to reduce Defendant's sentence for Counts One and Two to a base offense level 28 with a guideline range of 140-175 months. Because of Defendant's lack of a history of violence and his post-sentencing conduct, such a reduction is consistent with considerations of public safety and § 3553(a) factors. For these reasons, Defendant's Motion, # ECF112, is hereby GRANTED and his sentence is reduced to 175 months. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: July 2, 2012